822 A.2d 601

IN THE MATTER OF FRANCIS X. GAVIN, AN ATTORNEY
AT LAW (ATTORNEY NO. 013291981).

May 21, 2003.

# ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 02–349, concluding that **FRANCIS X. GAVIN** of **HACKETTSTOWN,** who was admitted to the bar of this State in 1981, and who has been suspended from the practice of law since March 19, 2002, pursuant to Orders of the this Court filed February 22, 2002, and June 13, 2002, should be suspended from the practice of law for a period of three months for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate), and *RPC* 8.1(b) (failure to cooperate with ethics authorities);

And the Disciplinary Review Board having determined that the term of suspension should be consecutive to the three-month suspension ordered by the Court on June 13, 2002, to be effective September 19, 2002, and that certain conditions should be placed on respondent's reinstatement to practice;

And good cause appearing;

It is ORDERED that **FRANCIS X. GAVIN** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective December 19, 2002; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a

mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that within six months after reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics that he has successfully completed ten hours of courses in professional responsibility offered by the Institute for Continuing Legal Education or otherwise approved by the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.